(May 22, 1962)

■ ADOLPH HITTNER, as Administrator of the Estate of BEATRICE HITTNER, Deceased, Respondent, v. CITY OF NEW YORK et al., Defendants, and MARTIN ANDERSON, Doing Business under the Name of ANDERSON & ANDERSON, Appellant.— Order, entered on June 22, 1960, unanimously modified on the law and on the facts to provide that the defendant Martin Anderson, doing business under the trade name and style of Anderson & Anderson, shall have 10 days after service of order hereon with notice of entry to serve an answer to the complaint herein, or if he has already answered then he shall have a like period of time to serve an amended answer to the complaint herein; and that in such answer or amended answer, as the case may be, he may plead as a defense the allged invalidity of the service of the summons upon him and the consequent lack of jurisdiction of the court over his person; and the said order, as so modified, affirmed, without costs. Under the circumstances here, the issue of fact as to personal service should not have been resolved upon the affidavits. While, ordinarily, the proper procedure would require the determination of such issue promptly by hearing at Special Term or before a Referee (see *Hammond* v. *Hammond*, 9 A D 2d 615), under the special circumstances here and particularly in view of the considerable delay since the making and determination of the motion, the issue may properly be left to be raised by way of defense in the defendant's answer and for determination at the trial. (See Civ. Prac. Act, § 237-a, subd. 3, par. [c]; subd. 4.) Settle order on notice. Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ ANTHONY BARBERO, Appellant, v. CITY OF NEW YORK et al., Respondents.— Order, entered on March 7, 1962, denying plaintiff a preference under rule 151 of the Rules of Civil Practice, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs, and the matter remanded to Special Term for further consideration, with leave to plaintiff to file an affidavit of merit. Plaintiff, presently about 80 years of age, has suffered three coronary attacks, and the affidavit of plaintiff's physician states unequivocally his opinion that plaintiff is unlikely to survive a long delay in this case coming to trial. This combination of age and uncontroverted medical proof of plaintiff's physical condition would seem to warrant the granting of a preference (*Dodumoff* v. *Lyons*, 4 A D 2d 626) if the other requisite, an affidavit of merit, were supplied. Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ U. M. & M. FINANCIAL CORP., Respondent, v. HENRY HIRSCH, Appellant. HENRY HIRSCH, Appellant, v. U. M. & M. FINANCIAL CORP. et al., Respondents.— Order, entered on April 5, 1962, unanimously modified on the law and in the exercise of discretion to direct that items 15, 26, 34, 50 and 68 be stricken from the plaintiff's demand for a bill of particulars and as so modified, the order is affirmed, without costs. The items hereby stricken demand that the defendant-appellant state the " source or sources " of his information and belief as to certain allegations which he makes upon information and belief in certain defenses and counterclaims contained in his answer. In these particular instances, the items call for disclosure of evidentiary or immaterial detail of such a nature or to such an extent that the supplying of the same may prejudice or unduly burden the defendant. There are also other items which are questionable or technically objectionable, but they are not so clearly improper and prejudicial in scope as to warrant this court's interference with the discretion which Special Term had in the premises. Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.